UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIE SANGI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-4571 (JAP) |
| | : | |
| v. | : | |
| | : | |
| WARREN HOSPITAL | : | |
| | : | **OPINION** |
| | : | |
| Defendant. | : | |

PISANO, District Judge.

Plaintiff Marie Sangi brings this action against defendant Warren Hospital (the "Hospital") alleging that the Hospital discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1. The Hospital has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims. The Court has carefully considered the submissions of the parties, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons below, the Hospital's motion is granted.

## I.  Background[1]

Plaintiff is sixty-three years old.  She was hired by the Hospital in 2004 as a Drug and Alcohol Counselor and was employed in that position until her termination in February 2009.

From the time Plaintiff was hired until sometime in 2008 Plaintiff alleges that she met or exceeded all performance expectations and had not received any negative feedback from her superiors, clients or colleagues.  However, beginning in 2008, Plaintiff began to perceive that two of her younger co-workers were being "disrespectful towards her," Compl. ¶ 10, specifically, by laughing at Plaintiff whenever Plaintiff spoke during rounds in which the counselors discussed the progress of their cases.  Plaintiff raised the matter with her supervisor, who did nothing to discipline the co-workers and instead accused Plaintiff of being at fault.

In August of 2008, Plaintiff was told by her supervisor that she was to no longer conduct the Intensive Outpatient Group Therapy ("OGT"), which was one of Plaintiff's primary job responsibilities.  Responsibility for this was then offered to a co-worker, who was a part-time employee.  Plaintiff's supervisor told Plaintiff the reason for this change was because of "Plaintiff's poor counseling skills."  Compl ¶ 13.  When this part-time employee declined this new responsibility, Plaintiff was informed that she would continue to conduct the OGT.

In early January 2009, Plaintiff was informed that her work hours were to be reduced from a full-time schedule of 40 hours per week to a 30 hours per week.  At this time, Plaintiff

---

[1]In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint.  *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).  Accordingly, the facts recited herein are taken from the complaint unless otherwise indicated and do not represent this Court's factual findings.

was asked to sign a Separation and Release agreement.  Plaintiff agreed and signed the document.

Approximately one week later, Plaintiff was terminated.  She was told she was being terminated because she had violated patient confidentiality rules by keeping patient files in her office.  However, Plaintiff claims that all of the Drug and Alcohol counselors, including herself, routinely held patient files in their respective offices.  Plaintiff believes that she has been replaced by "a person younger than she."  Compl. ¶ 25.

## II.  Discussion

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

3

The Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  When evaluating a motion to dismiss for failure to state a claim, district courts conduct a three-part analysis.

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1947 (2009).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.  Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, --- F.3d --- (3d Cir. 2011).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct.. at 1949 (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient.  *Iqbal*, 129 S. Ct.. at 1949.  A plaintiff is not required to plead every element of a prima facie case,[1] but he must at least make "allegations that raise a reasonable

---

[1] Claims under the ADEA and NJLAD are evaluated under the framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). *See Smith v. City of Allentown*, 589 F.3d 684, 689–90 (3d Cir.2009) (ADEA claim); *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 403 (3d Cir.2007) (NJLAD claim).

4

expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (3d Cir.2009).

Here, Plaintiff has failed to plead facts sufficient to state age discrimination claims[2] that are plausible rather than merely speculative.  The complaint is completely devoid of any factual allegations from which it can be reasonably inferred that discriminatory motivation on the part of Defendant existed.  At best, Plaintiff has pled facts that, taken as true and viewed in the light most favorable to Plaintiff, show that she was subject to certain adverse employment actions including, ultimately, termination.  Based on her opposition brief, Plaintiff appears to believe that pleading such facts along with an allegation that Plaintiff is in a protected class is sufficient to state her claim.  It is not.  Plaintiff must plead facts that warrant an inference that Plaintiff was subject to such actions because of her age.  Alleging merely that Plaintiff "believes" these actions were taken against her because of her age is not sufficient to meet the federal pleading requirements.  "A mere allegation that an adverse employment action was motivated by age, without more, is exactly the type of broad conclusory allegation which the Supreme Court has found insufficient … ."  *Foy v. Wakefern Food Corp.*, 2010 WL 147925, *4 (D.N.J. 2010).  Indeed, while it is well-established that Plaintiff is not required to plead every element of a *prima case* or provide detailed factual allegations, she must provide sufficient non-speculative allegations that, accepted as true, raise a reasonable inference of age-based discriminatory animus.  Plaintiff has not done that

---

However, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a *prima facie* case of discrimination under" the *McDonnell Douglas* framework. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002).

[2] The ADEA and New Jersey's LAD prohibit discrimination in employment based upon age. Age discrimination claims under the ADEA and LAD are governed by the same standards and allocation of burdens of proof, *Lawrence v. National Westminster Bank New Jersey*, 98 F.3d 61, 66 (3d Cir. 1996), consequently, the Court considers the claims together.

5

here.  As such, the complaint simply does not contain the factual allegations necessary to "nudge[]" Plaintiff's claims "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1951.

Further, although Plaintiff does not raise this in her opposition brief, the Court notes that Plaintiff's assertion that she believes that she was replaced by someone younger does not save her complaint.  First, she states this "belie[f]" as part of what appears to be a formulistic recitation of the elements of a prima facie case, which generally is not sufficient.  *See Twombly*, 550 U.S. at 555 ([A]a formulaic recitation of the elements of a cause of action will not do[.]").  Second, given the other deficiencies in her claims, her allegation that she believed she has been replaced by someone "younger than she" does not itself reasonably permit an inference of willful discrimination on the basis of age.  As at least one court has noted, if such barebones allegations sufficed to state a claim, "then any time an ADEA-covered employer terminated an employee over age forty, the employer would be unable to replace that employee with someone younger [ ] without exposing itself to potential liability for age discrimination."  *Foster v. Humane Society of Rochester and Monroe County, Inc.*, 724 F.Supp.2d 382, 391 (W.D.N.Y. 2010).

Because Plaintiff's complaint contains no facts from which plausible, rather than speculative, claims under the ADEA and LAD are stated, Defendant's motion to dismiss the complaint under Rule 12(b)(6) shall be granted.  The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Phillips v. County of Allegheny*, 515 F .3d 224, 236 (3d Cir. 2008).  Therefore, the Court shall grant Plaintiffs 30

days to file an amended complaint to, if possible, amend the allegations to cure any of the

deficiencies identified in this Opinion.

**III.  Conclusion**

      For the reasons above, Defendant's motion to dismiss is granted.  An appropriate

Order accompanies this Opinion.


                  /s/ Joel A. Pisano
                  JOEL A. PISANO, U.S.D.J.